Goodall *v.* Batchelder.

## GOODALL *v.* BATCHELDER.

The court have no power to set aside a verdict except for some irregularity in obtaining it; and therefore will not set a verdict aside to give the defendant opportunity to plead matter in discharge that has arisen since.

It seems that the discharge and certificate under the bankrupt law operates to discharge the bankrupt from a verdict or judgment previously rendered.

ASSUMPSIT. The defendant moved for leave to plead his bankruptcy under the following circumstances :

At the February term, 1843 — his proceedings in bankruptcy then pending — an injunction was obtained from the district court to stay proceedings upon the application of the assignee during that term, but not in time to prevent the trial of it. A verdict was rendered for the plaintiff, to which the defendant excepted; but the injunction having been served in a few hours after the verdict, all proceedings were suspended until the defendant obtained his certificate, and the injunction was dissolved. At the February term, 1844, the plaintiff having procured a dissolution of the injunction, moved for judgment on the verdict. The defendant suggested that exceptions had been filed and a motion made for a new trial, before the service of the injunction, and moved that the questions be transferred. The case was transferred to this court, and exceptions were overruled at the December term, 1844.

The defendant obtained his certificate some time between the February and September terms, 1843; and at the September term, 1843, notice was entered upon the docket to the plaintiff, that the defendant should plead his certificate in bar of the further maintenance of the suit.

*Morrison*, for the plaintiff. If it be in the sound discretion of the court to set aside a verdict for the purpose of enabling a party to plead, it should not be done here. A plea of the statute of limitations cannot be amended after joinder in demurrer. 2 Mass. 81. Generally, amendment is not allowed of pleas which do not go to the merits. The defendant has been guilty of laches.

*Bellows*, for the defendant.

GILCHRIST, J. This is a motion to set aside a verdict, for the purpose of enabling a party to plead a matter, which, if seasonably pleaded, might have been a sufficient bar to the further maintenance of the action.

Goodall *v.* Batcheldor.

We have no general power over verdicts to set them aside at discretion. On the contrary, if no legal exception appears to the manner in which they have been obtained; if no error of the court at the trial, no misbehavior of the party in whose favor it has been rendered; no misconduct of the jurors themselves, or of officers having them in charge; in short, if any verdict appear unexceptionable in law, it is the property of the party who has obtained it, and the court has no more authority, in the ordinary course of procedure, but to order judgment upon it. The bankrupt law provides that the certificate and discharge, when duly granted, shall in all courts of justice be deemed a full and complete discharge of all debts, contracts, and other engagements, which are provable under the act, and shall and may be pleaded as a full and complete bar to all suits in any court of judicature whatever, and the same shall be conclusive evidence of itself in favor of the bankrupt, &c.

If the effect of the discharge and certificate be, as it seems to be, to discharge the defendant from all debts existing against him at the time they were granted, verdicts and judgments rendered upon them would seem to stand upon the same footing, and not to require a plea to avoid them; in which case the defendant requires no such extraordinary interposition of this court as he has asked for. There seems to be no stronger reason for such interposition than if a release had been given after verdict, or if any other event had occurred that should render it unjust on the plaintiff's part to proceed upon it, or that should even furnish the defendant with adequate means to prevent legal execution upon it.

This is not a petition, nor do the facts furnish any ground for a petition for review or a new trial for the reason that a verdict or judgment has been rendered through accident or misfortune that has deprived the defendant of an opportunity of setting up a legal defence.

The defence did not in fact exist when the verdict was rendered, and the course of practice does not admit, nor does the exigence of the defendant seeking the benefit of his discharge and certificate, appear to us to require, that any such extraordinary proceeding as is asked for should be adopted.    There must, therefore, be

*Judgment on the verdict.*